IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-113-FL
NO. 5:21-CR-419-FL-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| REGINALD HILTON BELTON, | ) | |
| | ) | |
| Defendant. | ) | |

These related cases came before the court for hearing on March 29, 2022, for address of counsel's motions to withdraw from representation. (DE 73, 171). The court memorializes herein reasons for granting the motions to withdraw as counsel and directing the Federal Public Defender to appoint new counsel for defendant.

## BACKGROUND

Defendant has two pending criminal cases in this court. In 5:18-CR-113-FL, United States Probation moves to revoke supervised release, based on alleged new criminal conduct. In 5:21-CR-419-FL-2, defendant faces new criminal charges of conspiracy to distribute heroin and related substantive distribution counts. This court's April 11, 2022, memorandum opinion summarizes the procedural history of both cases, including multiple instances of attorney withdrawals and pro se requests for new counsel. In that memorandum opinion, the court found that defendant's own behavior was creating conflicts with his attorneys. Defendant was warned that "absent extraordinarily compelling circumstances," counsel assigned would be defendant's final court appointed attorney in these cases. (DE 59 at 9).

According to present counsel for defendant, Guy Dixon Smith ("Smith"), such

extraordinarily compelling circumstances have emerged. Smith filed a motion to withdraw in both cases on October 20, 2022, citing a substantial conflict of interest, and informing the court that the North Carolina State Bar has confirmed the conflict and determined that Smith cannot continue in his representation of defendant. The court set hearing on the motions for October 28, 2022.

At hearing, Smith advised the court that he had received information in an unrelated case that has bearing on the instant criminal actions. Were Smith to proceed in his representation of defendant, that information would hinder his ability to vigorously defend defendant, and it would have an adverse effect on a former client, in contravention of North Carolina Rule of Professional Conduct 1.7:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

N.C. R. Pro. Conduct 1.7(a). Upon the court's inquiry seeking more information about the nature of the conflict, Smith clarified that this conflict was distinct from those prior counsel encountered in their representation of defendant, and that defendant has in no way contributed to its creation. He explained that the situation is "unique" and not able to have been predicted.

The court inquired whether the government wished to be heard on the motion, and it confirmed that it did not. As explained further below, the court granted Smith's motions to withdraw, and directed the Federal Public Defender to appoint new counsel.

# COURT'S DISCUSSION

A.  Applicable Standard

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). However, the Sixth Amendment's guarantee of effective assistance of counsel is not an unqualified right. United States v. Gallop, 838 F.2d 105, 107 (4th Cir. 1988). "Such right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." Id. at 108.

When presented with a motion to withdraw from representation, the court considers three factors: 1) timeliness of the motion; 2) the reasons for the motion; and 3) "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." United States v. Blackledge, 751 F.3d 188, 194 (4th Cir. 2014); see also United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994); Gallop, 838 F.2d at 108. When a defendant raises a seemingly substantial complaint about counsel, the judge has an obligation to inquire thoroughly into the factual basis of defendant's dissatisfaction." United States v. Smith, 640 F.3d 580, 594 (4th Cir. 2011). Relatedly, "[w]hile motions to substitute counsel often arise at the defendant's urging, when the attorney also seeks to withdraw, the court must thoroughly inquire into the factual basis of any conflicts asserted by counsel." Blackledge, 751 F.3d at 194.

In addressing the nature of the conflict, the court must consider "whether the conflict complained of is genuine or merely a transparent plot to bring about delay." Smith, 640 F.3d at 591. "A district court may consider whether a purported breakdown in attorney-client communication is, in fact, another such dilatory tactic." Id. Importantly, "[e]ven if a

3

breakdown is genuine, after granting one or more substitution motions a court may well decline to grant further motions if it finds that yet another substitution would not remedy the problem." Id.

B.  Analysis

At hearing, the court found that the motions to withdraw as counsel were justified under the foregoing standard. The motions are timely, having come approximately three months prior to trial. See, e.g., Mullen, 32 F.3d at 896 (describing a motion filed 33 days prior to trial as "a timely request"). Although counsel stated he could not provide detailed reasons for his motions to withdraw without breaching attorney-client privilege or confidentiality rules, the court determined that an ethical conflict based upon discovery of information related to the instant cases prohibited further representation of defendant. See Blackledge, 751 F.3d at 195–197. In this context, the court observes the inherent difficulty in requirement that it "probe deeply into the basis of [counsel's asserted conflict of interest]" where the attorney maintains, as here, that such an inquiry would require breaching the attorney-client privilege. See id. at 195. The court probed as deeply as possible without ordering appointed counsel to breach asserted ethical rules. Accordingly, the court allowed counsel's motions to withdraw.

Turning to the issue of whether new counsel should be appointed, defendant did not request to proceed pro se, and where the instant conflict was not of defendant's making, the court found "extraordinary circumstances" justifying the appointment of his fourth attorney in 5:21-CR-419-FL-2 and his sixth attorney in 5:18-CR-118-FL. The court inquired of Smith whether the next attorney could ready him or herself in time to take the 5:21-CR-419-FL-2 case to trial January 23, 2023. Smith answered in the negative, citing significant electronic discovery counsel would need to undertake.

The court found that the ends of justice would be served by a continuance, and those

interests outweigh the best interests of the public and the defendant in a speedy trial. Particularly, the court cited defendant's right to be represented by an attorney without conflict who has sufficient time to adequately understand this case and advance a litigation strategy, a strategy, the court reminded defendant, that would be decided by counsel. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998); New York v. Hill, 528 U.S. 110, 115 (2000). The new attorney also requires time to develop a working relationship with defendant. Thus, any delay that results from this continuance is excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

Telephonic administrative scheduling conference is set for Thursday, November 17, 2022, at 9:00 a.m. to determine with new counsel for defendant and the government a trial date certain based upon the not guilty plea of defendant.

## CONCLUSION

Based on the foregoing, the court GRANTED counsel's motions to withdraw (DE 73, 171), and directed the Federal Public Defender to appoint new counsel for defendant.

This the 31st day of October, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge