IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CR-419-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| REGINALD HILTON BELTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on December 8, 2022, for Rule 17.1 pretrial conference for the purpose of determining a new trial date with benefit of defendant's presence, where the trial setting process previously was continued for three weeks to allow newly appointed defense counsel time to complete his review of discovery. Defendant and defense counsel, William Michael Dowling, were present in New Bern, as was counsel for the government, Kelly Sandling.

A.  Pre-Trial Scheduling

The court inquired of defense counsel whether he had sufficiently reviewed discovery in the case such that he was in a position to confer and set a date certain for trial. Defense counsel described significant electronic discovery undertaken but explained that he still is obtaining further discovery from the government, and indeed discovery had been provided by the government as recently as the morning of the instant pretrial conference, as well as the Monday prior. Defense counsel also informed the court of an additional discovery request he recently made pertaining to calls in a county jail certain.

The court questioned the government regarding the delay in provision of discovery and inquired whether it anticipated further production of discovery. The government informed the

court of an additional request made pertaining to calls in another county jail certain, which request is still pending.

Also during the hearing, defense counsel raised the need for amendment to the existing penalty sheet by the government, such that it encompasses count three as well as counts one and two. Defense counsel additionally made mention of the possibility of need for re-arraignment based upon the erroneous penalty sheet. He advised the court, however, that he still had not attained the arraignment transcript, and thus was not certain as to whether there was in fact a defect in defendant's arraignment. The court directed defense counsel to raise any such issue by motion, upon review of the transcript or thereafter.

Based on the parties' representations, and with their consent, the court ordered that the government file an amended penalty sheet by **Friday, December 9, 2022**, and provide the jail call discovery specifically identified at the conference by **Monday, December 19, 2022**. Subsequent to the court's order, and prior to entry of this opinion memorializing the order, the government filed an amended penalty sheet.

B.   Trial Scheduling

At conference, the clerk of court advised the parties that the time under the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161(c)(1), would expire on January 30, 2023, but for an open excludable.[1]

The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his

---

[1] The open excludable is pursuant to 18 U.S.C. § 3161(h)(7)(A) on the basis of the court's findings, made October 28, 2022, during a hearing on former defense counsel's motion to withdraw, that the ends of justice served by continuance of trial scheduled to commence January 23, 2023, outweighed the best interest of the public and the defendant in a speedy trial. Particularly, the court cited defendant's right to be represented by an attorney without conflict who has sufficient time to prepare. (See generally Mem. Op. (DE 75)).

counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a nonexhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B).

In addition to discovery being ongoing, defense counsel described the electronic discovery as substantial. Defense counsel accordingly requested a modest continuance until February, explaining that the additional time would allow for his adequate preparation, taking into account his due diligence. The government consented to a trial date in February, and the parties jointly proposed the week of February 13, 2023, and February 20, 2023.

Taking the parties' responses into account, jury trial of estimated length of two days is set to commence at New Bern **February 21, 2023**, at 9:00 a.m., starting with a conference with the parties, followed by jury selection at 9:30 a.m. Not later than **February 13, 2023**, the parties shall file their proposed jury instructions and voir dire. The government shall file a proposed verdict form by that same date. The government shall be prepared to present its first witness by 1:00 p.m.

For the reasons noted, the court finds that the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial.

C. Oral Motion in Limine

At the conference, defendant made an oral motion to exclude reference to his criminal record, including, but not limited to, his prior federal conviction that is at issue in related Case No. 5:18-CR-113-FL, and the fact that he was on supervised release at the time of the alleged conduct in this case. With consent of the government, defendant's motion was granted.

If the government's litigation strategy changes and it seeks to be relieved in some part of the court's order, it may make an appropriate motion. So too can the defendant if he seeks for the scope of the exclusion to be more precisely defined.

SO ORDERED, this the 12th day of December, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge